# Commonwealth *v.* Becker.

*Criminal law—Practice, Q. S.—Jurisdiction, Q. S.—Substitution of copy for lost indictment.*

A court having jurisdiction of the cause has power to supply the place of a lost, mislaid, destroyed or stolen indictment by a properly proved copy.

*Record—Presumption of regularity.*

A court having power to substitute a copy for a lost bill of indictment its action will not be disturbed where the presumption from the record is that the court proceeded regularly, not arbitrarily, and that these facts expressed in the order, namely, that the original was lost or mislaid and that this was a copy, were established by proper and sufficient proof.

Argued March 12, 1900.  Appeal, No. 19, Oct. T., 1900, by defendant, in suit of Commonwealth of Pennsylvania against Cornelius M. Becker, from sentence of Q. S. Schuylkill Co., Sept. T., 1899, No. 1026, on verdict of guilty.  Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.  Affirmed.  Opinion by RICE, P. J.

Indictment for false pretenses.  Before BECHTEL, P. J.

It appears from the record that the bill of indictment being lost or mislaid in the above case, the court below permitted the district attorney to file a certified copy of the same.  Under objections of defendant the court made the following order: "And now, to wit: January 3, 1900, the within copy of original bill being presented to the court, the court do direct the same to be filed, to take the place of the original, lost or mislaid."

Defendant was subsequently called for trial, but he refused to plead to the written paper purporting to be a copy of the original bill of indictment and stood mute.  Thereupon the court directed the plea of "not guilty" to be entered for defendant.  The district attorney then entered said plea and signed the same himself.

Verdict of guilty and sentence to pay a fine of $25.00, to return to one, Ketner, $400, to pay the costs, and to be imprisoned in the county jail for six months.  Defendant appealed.

*Errors assigned* among others were (2) in accepting said alleged copy of original bill, and in directing the same to be filed to take the place of original.  (6) In receiving evidence tending to show a general reputation for bad character on the part of the defendant after the date of the act complained of in the alleged copy of the original bill of indictment, and before the date of the day that the defendant was prosecuted.  (7) In pronouncing judgment on the verdict.

*R. H. Koch*, for appellant.—The assignments of error in this case raise two questions.  The first relates to the method and sufficiency of proof for supplying an indictment lost or mislaid.  The second question is, Can proof of bad character, based upon reputation acquired since the commission of the act

charged in the indictment, but prior to prosecution and finding of bill, be admitted under objection of the defendant?

No opportunity was afforded the defendant in this case to cross-examine the district attorney who made the ex parte certificate and affidavit upon which the court made its order. The district attorney is not the proper custodian of an indictment.

The power of a court to supply a lost record is statutory. By the Act of June 16, 1836, P. L. 784, sec. 13, the several courts of common pleas have the jurisdiction and power of a court of chancery so far as relates to, inter alia, the perpetuation of testimony. The power conferred by said act is extended and enlarged by the Act of April 25, 1850, P. L. 569, sec. 26.

It will be observed that it is only " when proved," such record shall have the same legal operation as the original record would have had. The copy of bill in this case was admitted by the court under objection and without sufficient proof.

When a record is alleged to have been lost, the court will not permit a copy to be filed by mere consent; there must be proof: Griswold v. Griswold, 13 Leg. Int. 229.

As to the proof required where a record is lost, see Richard's Appeal, 122 Pa. 547, Coxe v. England, 65 Pa. 212, Miltimore v. Miltimore, 40 Pa. 151, and Bolton's Estate, 3 Pa. Dist. Rep. 268.

A person's general reputation is always affected by a prosecution or by talk concerning a matter which subsequently becomes the basis of a prosecution. In this case the commission of the crime and the prosecution are almost two years apart, the former being alleged to have taken place October 5, 1897, and the prosecution September 1, 1899. Between those two dates rumors, no doubt, passed through the community and affected the reputation of the defendant adversely. In fact, a number of witnesses said that they had heard nothing affecting the defendant's reputation until they heard rumors concerning the Ketner affair. The commonwealth was permitted to inquire generally as to the character of the defendant between the dates named. This, we think, is manifestly erroneous.

*W. F. Shepherd,* with him *M. P. McLoughlin,* district attorney, *N. Heblick* and *George W. Gise,* for appellee.—The attorney for the defendant, at no time in the case, made objections

to the copy being filed because proper proofs were not made or that the same was not a correct copy of the original, but simply objected to the order directing the copy to be filed. By so doing he admitted correctness of copy, but objected to its being filed.

In the case of a lost declaration or statement, it is the practice in the civil court, without exception, to prepare and file a new declaration or statement of the cause of action, and ask the court to direct it filed to take the place of the original, lost or mislaid; and if the opposing counsel does not give to the court any reason why that declaration or statement should not be filed, the court would at once direct it filed, and the objection of the counsel simply to the order directing it to be filed, would neither avail him in the court below nor the court above. Fortunately for us, we have this matter settled by the authority of one of the best authors, viz: Bishop's Criminal Procedure (4th ed.), sec. 400.

It is the duty of the gentleman, when he assigns for error the admission by the court of an offer of evidence, to state the offer clearly, and the exception, and the ruling of the court, and we say that throughout the entire record there appears no offer of testimony as to character up to the finding of the indictment, or to the time of the prosecution, which was admitted over the gentleman's exception.

OPINION BY RICE, P. J., July 26, 1900:

The court below made the following order: " And now, to wit: January 3, 1900, the within copy of original bill being presented to the court, the court do direct the same to be filed to take place of original, lost or mislaid." It is complained: (1) that it was irregular to make the order on the ex parte affidavit of the district attorney without other proof and without affording the defendant an opportunity to cross-examine and to show that this is not a true copy; (2) that it does not clearly appear by the affidavit that it is a correct copy of the indictment.

The first objection, if well founded in fact, would be meritorious, but it is to be observed that it is not shown by the record that the defendant was not afforded an opportunity to be heard in opposition to the application, or that the order was made on insufficient proof. The fair inference from the bill of

exceptions is that he was present either in person or by counsel. This shows that he objected to the order, but does not show that he objected to the procedure or to the insufficiency of the proof. There is a lack of that formality that is desirable in so important a proceeding, but it is not clearly apparent that there was any fatal irregularity. If the court had power to make such an order then on the principle omnia praesum untur rite esse acta, the presumption from this record is, that the court proceeded regularly, not arbitrarily, and that the facts expressed in the order, namely, that the original was lost or mislaid and that this was a copy, were established by proper and sufficient proof. It is not necessarily to be implied from this record that the only proof the court had was the ex parte affidavit of the district attorney. Furthermore, it was asserted at bar, and not denied, that, after this appeal was taken but prior to the argument, the indictment had been found. Being part of the record of the court below the appellant might have had it brought up at any time before the appeal came on for argument. If the copy upon which he was tried was not a correct copy, the fact might have been demonstrated by the record. We refer to this fact not as creating any presumption as to the correctness of the finding of the court below, nor as the basis of our judgment, but for the purpose of showing that the prima facie presumption of its correctness might easily have been rebutted if the finding was not warranted by the facts.

We feel justified, therefore, in saying that the only meritorious question is, whether or not the court of quarter sessions has power to supply the place of a lost or mislaid indictment by a copy duly proved, and to require the defendant to plead thereto. The courts of several of the states of the Union have passed on this question, some holding that the power is included in the general inherent power of the court to preserve its own records, others holding that where the indictment is lost after the defendant has been arraigned and has pleaded, the substitution of a copy may be made, but that when it is lost before arraignment or plea it cannot be replaced by a copy. In other states the subject is regulated by special statutory provisions, and in some of the states where it is required that indictments be spread upon the record, it is held that a certified

430, (1900).]          Opinion of the Court.

copy may be substituted for the lost indictment, upon which the trial may proceed. It cannot be said that the courts of this country have established any uniform rule upon the subject. The weight of authority, however, seems to be in favor of the proposition that the court having jurisdiction of the cause has power to supply the place of a lost, mislaid, destroyed or stolen indictment by a properly proved copy. Most of the cases are collected in 10 Am. & Eng. Ency. of Pl. & Pr. 417, 418. We call particular attention to the case of State v. Simpson, 67 Mo. 647. We know of no decision of our Supreme Court upon the precise question, and in the absence of any binding adjudication of it, we conclude that the view above suggested is more in consonance with the general principles upon which the criminal law is administered at this day than the opposite view. The first five assignments are, therefore, overruled.

The sixth assignment is not in accordance with our rules ; but passing that objection and going to the notes of evidence printed in the appendix, we find but two exceptions noted upon which the assignment could by any possibility be based, and neither of these shows that testimony of the kind complained of in the assignment was actually given by the witness.

The judgment is affirmed and the record is remitted to the court below to the end that the sentence may be fully carried into effect.