# Commonwealth *v.* Garletts, Appellant (No. 1).

*Criminal law—Practice, Q. S.—Jurisdiction — Substitution of copy for lost indictment.*

A court having jurisdiction of the cause has power to supply the place of a lost, mislaid or stolen indictment by a properly proved copy.

Where the form of an indictment was the same as that used in several other cases in which the accused was the defendant, with necessary changes for the particular facts involved in the case, the evidence was sufficient to warrant a finding that the substituted indictment was a copy of the original in so far as every material averment was concerned.

Argued April 7, 1923. Appeal, No. 106, April T., 1922, by defendant, from judgment of Q. S. Fayette County, June Sessions, 1921, No. 192, on verdict of guilty in the case of Commonwealth of Pennsylvania *v.* C. C. Garletts. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for extortion. Before REPPERT, J.

From the record it appeared that the bill of indictment having been lost or mislaid, the court below permitted the district attorney to file a copy of the same.

Other facts are stated in the opinion of the Superior Court.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Error assigned,* among others, was in permitting the substitution of a copy of the original indictment.

*H. S. Dumbauld,* and with him *S. Ray Shelby,* for appellant.

*H. Eastman Hackney,* and with him *Thomas H. Hudson* and *Davis W. Henderson,* 1st Asst. Dist. Attorney, for appellee.

OPINION BY PORTER, J., July 12, 1923:

The defendant, a justice of the peace, appeals from his conviction in the court below upon a charge of extortion. When the case was reached on the trial list the district attorney presented his petition, duly verified by affidavit, averring that the bill of indictment had been lost, mislaid or stolen and after diligent search could not be found; that the district attorney had prepared a copy of said indictment which he certified to be true and correct to the best of his knowledge and belief, and prayed that such copy be filed of record in lieu and place of the original, which had been so lost, mislaid or stolen. The defendant filed an answer in which he failed to assert that the copy certified by the district attorney was not a true copy, but set up that as the affidavit of the district attorney only alleged that the copy presented was a true copy "to the best of his knowledge and belief," there was not sufficient ground for permitting the copy to be filed. The answer requested that the defendant be permitted to cross-examine the district attorney and any other person who had knowledge of and had taken part in the preparation of the copy which it is proposed to substitute for the original indictment, to which request the district attorney at once acceded and testimony was taken. The court after hearing the testimony found that the copy offered in substitution of the original indictment was a substantially correct copy and ordered that it be received in lieu of the indictment which had been lost, mislaid or stolen, to which action the defendant took an exception, and here assigns it for error.

The original indictment in this case had been lost, mislaid or stolen, as to that fact there was no question. The original indictment had been regularly found, and the defendant had received the benefit of the principles of the law which gave him the right to have the charge passed upon by a grand jury. The court having jurisdiction of the cause had the power to supply the place of the indictment which had been lost or stolen, by a properly proved copy: Commonwealth v. Becker, 14 Pa. Superior Ct. 430. This appellant contends, however, that the evidence upon which the court below acted was not sufficient to warrant a finding that the copy presented was a correct copy of the original indictment. It appeared in evidence that there had been several distinct charges of extortion by this defendant from different persons. Affidavits had been prepared by private counsel which set forth, respectively, the names of the parties who were the victims of the extortion, the amount of money received from each, the place where and the time when the unlawful act was done. The district attorney had ordered the county detective to cause separate informations to be made charging these several acts of extortion. After consultation between the district attorney and private counsel a form of indictment was prepared which covered all the material averments essential in such a case, except the name of the party upon whom the extortion had been practiced, the amount of money unlawfully exacted and the time and place of the commission of the offense. This form of indictment was used in all the cases, and when any case was to be submitted to the grand jury the blank space in the form was filled up by the insertion of the matter, above indicated, applicable to that particular case. In preparing the copy of the lost indictment the district attorney used this form, containing all the technical matter required in such an indictment, and then filled in the blank with the name of the party wronged, the amount of the unlawful exaction, the time and place, which he was en-

268, (1923).]          Opinion of the Court.

abled to do from the original affidavit and from the record of the justice before whom the information was made. This evidence was certainly sufficient to warrant a finding that the substituted indictment was a copy of the original, in so far as every material averment was concerned. It will always be sufficient to protect this defendant from ever again being punished for the same offense. The assignment of error is overruled.

The remaining assignments of error refer to the refusal of the court to quash the indictment, and have been considered in connection with the appeal of this defendant, from his conviction upon a similar charge, in which an opinion has this day been filed. We held in that case that the court did not err in refusing to quash the indictment and, for the reasons there stated, the assignments of error are dismissed.

The judgment is affirmed and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.