## Zubris v. Zubris.

*W. G. Treibley,* for libellant.

Houck, J., March 31, 1930.—This case was so proceeded with that a master was appointed, who recommended that a decree be granted on the ground of cruel and barbarous treatment, endangering the life of libellant, and the offering of such indignities to her person as to render her condition intolerable and life burdensome, thereby forcing her to withdraw from respondent's house and family. When the master's report was presented to the court, the original libel and subpœna and the sheriff's return were not attached thereto. In their place copies had been substituted with a certificate of the prothonotary to the effect that, after due and diligent search, he was unable to locate the originals but that the copies are true and correct copies. The record showed that notice was not served on the respondent of the intention to substitute copies for the original record papers, and, consequently, the record was remanded to the master for further action. Thereupon the libellant presented her petition to the court, alleging that personal service of the libel, subpœna and rule to appear and answer were made on the respondent on Sept. 26, 1929; that these papers were duly returned by the Sheriff of Schuylkill County to the prothonotary's office, where they were lost or mislaid and cannot be found. Attached to the petition is a copy of the original libel, subpœna and rule to appear and answer which are alleged to be true and correct copies of the original papers. On this petition a rule was granted on the respondent to show cause why the copies should not be substituted for the originals. This rule was served on the respondent personally and he filed no answer thereto. Consequently, the rule was made absolute. The master then filed a supplemental report, detailing these proceedings and again recommending the entry of a decree. The evidence fully supports the master's findings of fact, conclusions of law and recommendation, and the only question is whether the copies may be substituted for the lost original papers.

We have no doubt of our right to substitute the record papers in this case. Every court of record has a supervisory and protecting charge over its records and the papers belonging to its files and may at any time direct the substitution of papers in case the originals are lost. The substitution can be made only after a personal notice to the opposite party of the intention to move the court: 17 Ruling Case Law, 1173, 1174. By section 26 of the Act of April 25, 1850, P. L. 569, 573, all the powers and authorities conferred upon the several Courts of Common Pleas by the 13th section of the Act of June 16, 1836, P. L. 784, 789, relating to the perpetuation of testimony, are extended and made applicable to the perpetuation of testimony in cases of lost or destroyed records of any of the courts of record in this Commonwealth, However, this remedy is not exclusive and the court has the inherent power under the common

law to substitute copies for lost originals: Com. *v.* Becker, 14 Pa. Superior Ct. 430; Com. *v.* Garletts (No. 1), 81 Pa. Superior Ct. 268. See, also, State *v.* Ireland et al., 109 Me. 158, 83 Atl. Repr. 453, and Spadra Creek Coal Co. *v.* Eureka Anthracite Coal Co., 104 Ark. 359, 148 S. W. Repr. 644.

The docket entries show that the respondent was personally served with a true and attested copy of the subpœna, libel and notice to appear and answer. If he desired to question the correctness of the copies sought to be substituted, he could have done so by answering the rule to show cause. Since he did not do so, it must be taken as established that the substituted papers are true and correct copies of the originals. The rule to show cause why the copies should not be substituted having been made absolute, we now direct that the copies be substituted for the lost papers.

On the record as now presented, showing that the libellant is entitled to a divorce on the grounds alleged in the libel, we enter the following

### Decree.

And now, March 31, 1930, the court having heard this case, and having fully considered and proceeded to determine the same as to law and justice appertain, do sentence and decree that Agnes Sarah Zubris be divorced and separated from the nuptial ties and bonds of matrimony heretofore contracted between her, the said Agnes Sarah Zubris, the libellant, and the said Joseph Zubris, respondent. And that thereupon all and every the duties, rights and claims accruing to either the said Agnes Sarah Zubris or the said Joseph Zubris at any time heretofore, in pursuance of said marriage, shall cease and determine; and the said Agnes Sarah Zubris and Joseph Zubris shall severally be at liberty to marry again in like manner as if they had never been married, and, further, the court do award to the said Agnes Sarah Zubris against the said Joseph Zubris her costs in this behalf expended.

From M. M. Burke, Shenandoah, Pa.